UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:    Jaroslaw Mielewczyk<br>                    Debtor<br><br>SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the LB-Cabana Series IV Trust<br>Movant<br>v.<br><br>Jaroslaw Mielewczyk<br>Kamila I. Mielewczyk- Co-Debtor<br>Kenneth E. West Trustee<br>                    Respondents | Case No.: 21-10727-amc<br><br>Chapter: 13<br><br>Judge: Ashely M. Chan<br><br>Hearing Date: May 31, 2022 at 11:00 am |

## SETTLEMENT STIPULATION

WHEREAS, on March 23, 2021, Jaroslaw Mielewczyk (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, on March 29, 2022, SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the LB-Cabana Series IV Trust (the "Movant") filed a Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the "Motion") regarding the Property located at 614 Iva Lane, Fairless Hills, PA 19030 (the "Property");

WHEREAS, Movant and Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Movant, by and through its attorneys, Friedman Vartolo, LLP, and Debtor, by and through his/her counsel, Brad J. Sadek, Esquire, as follows:

1. The parties hereby certify that the post-petition arrearage is $8,229.24, consisting of the following:

| | |
|---|---|
| Post-Petition Payments: | $7,123.20 – 12/1/2021 through 4/1/2022 at $1,424.64 per month |
| Motion Fees/Costs: | $1,238.00 |
| Late Charges: | $220.20 |
| Suspense Balance: | ($352.16) |
| **Total Post-Petition Arrears:** | **$8,229.24** |

2. Commencing on May 1, 2022, through and including April 1, 2023, Debtor shall tender payments of $685.77 in addition to any regularly scheduled post-petition mortgage payments in order to cure the post-petition arrearage.

3. Commencing on May 1, 2022, Debtor shall resume making regular monthly post-petition mortgage payments in the amount of $1,463.21.

4. Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to failure to make the above described payments, or any regular monthly mortgage payment commencing after the cure of the post-petition arrearage, then Movant may send Debtor and counsel for Debtor a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of said notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default. Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the Property.

5. In the event that Debtor converts his/her case to Chapter 11, the terms of this Stipulation shall remain in full force and effect. In the event that Debtor converts his/her case to Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion. Failure to cure the arrears shall constitute an event of default under this

Stipulation and Movant may send a notice of default and certify default as set forth in the preceding paragraph.

6. The Debtor agrees that any Order granting relief from the automatic stay will include a waiver of Rule 4001(a)(3) and that Movant, its successors and/or assigns may act upon the Order immediately.

7. If the instant bankruptcy is dismissed, this Stipulation shall be void and shall not be binding upon the parties.

8. Attorney fees and costs for issuing a notice to cure, notice/certificate/affidavit of default, and order for relief are recoverable and may be added to the arrearage.

9. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amount(s) not included in the instant Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. Counsel for Debtor has authority to settle this matter on behalf of his/her client(s).

Date: May 16, 2022

/s/ Lauren M. Moyer
Lauren M. Moyer, Esquire
Friedman Vartolo, LLP
*Counsel for Creditor*

Date: 5/4/22

Brad J. Sadek, Esquire
*Counsel for Debtor*

Date: May 17, 2022

/s/ Jack Miller for
KENNETH E. WEST
*Chapter 13 Trustee*

\* The Chapter 13 Trustee has no objection to the terms of the herein Stipulation, without prejudice to any of the Chapter 13 Trustee's rights and remedies.